**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DONALD CARTER,**                                                **PETITIONER**

**v.**                      **No. 1:11CV53-M-V**

**STATE OF MISSISSIPPI, ET AL.**                             **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Donald Carter for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition for failure to exhaust state remedies, and Carter has responded, arguing that, given the steps he has taken in state court, he has exhausted his remedies in state court. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed for failure to exhaust state remedies.

**Facts and Procedural Posture**

Donald Carter is in the custody of the Mississippi Department of Corrections ("MDOC") and is currently housed in the Winston Choctaw County Regional Correctional Facility in Louisville, Mississippi, after his post-release supervision was revoked. Carter was originally sentenced in Clay County Circuit Court for aggravated assault to serve a term of ten years in the custody of the Mississippi Department of Corrections with five year post-release supervision. Carter was released on Earned Release Supervision ("ERS") on November 16, 2008. On January 20, 2010, the Clay County Circuit Court revoked Carter's post-release supervision on his aggravated assault conviction and ordered Carter to serve five years in the custody of the Mississippi Department of Corrections. In addition, Carter was issued a Rule Violation Report

on January 21, 2010, returning Carter to MDOC custody from ERS based on the trial court's revocation of his post-release supervision.[1]

In the instant petition, Carter is challenges both the revocation of his post-release supervision and his return to MDOC custody on ERS. Carter lists the following as grounds for relief (set forth verbatim below):

> **Ground One** - Double Jeopardy - Mr. Carter was not only found guilty by the courts for a MDOC violation of a failed urinalysis test in which the court revoked Mr. Carter's PRS which he had yet commenced to serve and was ordered to serve those 5 years in the MDOC but was also found guilty for the same violation by the MDOC and made to re-serve his ERS which he was on at the time of said violation.
>
> **Ground Two** - No Jurisdiction of the Courts – Mr. Carter was on ERS through the MDOC at the time of said violation and was under full and complete jurisdiction of the Miss. Dept. Of Corr. Mr. Carter's failed urinalysis test which was 7 months old at the time of arrest was a MDOC violation and not a civil crime whereas the courts had no jurisdiction for a MDOC violation.
>
> **Ground Three** - Fully Credited – If Mr. Carter was under jurisdiction of the courts as the Judge asserts then why was Mr. Carter "fully credited" (NOT) for a punishment already exacted before imposing a sentence for a new conviction for the same offense which is a "constitutional guarantee" of Double Jeopardy against multiple punishments.
>
> **Ground Four** - Due Process and Obstruction by MDOC. Failure to follow its own guidelines and procedures – The MDOC failed to issue a Rule Violation Report (RVR) within 24 hours, failed to return Mr. Carter to a MDOC facility within 72 hours, failed to bring Mr. Carter in front of a hearing board within 7 days. The MDOC also failed to

---

[1]The RVR was issued by the trial court one day earlier, January 20, 2010, based upon the revocation of Carter's ERS. The following "circumstances and details" of the RVR served as the basis for revocation: "Offender was charged with DUI, no drivers license, reckless driving, disregard for traffic device, failure to yield to blue lights thus leading police on a chase. And the use of illegal drug cocaine."

-2-

> follow its ARP policies and not only did not answer the 3rd step
> response within 30 days. No response has been issued as of 2-25-11.

In his prayer for relief, Carter seeks "immediate release from incarceration," expungement, monetary damages, and sanctions.

Carter states in the instant petition that, with regard to exhaustion of his claims, he filed a complaint with the Administrative Remedy Program ("ARP") and also filed a "Motion to Dismiss" in the Clay County Circuit Court. Officials with the MDOC have confirmed that Carter filed a grievance challenging his return to custody following the revocation of his post-release supervision. According to prison records, Carter completed two steps of the program and had filed a letter seeking to appeal this matter to the third step of that program. However, while Carter's grievance was pending on review, the Mississippi Department of Corrections changed the grievance procedure from a three-step program to a two-step program. Because Carter had completed his second step, under the new program rules, he should have received a certificate of completion, regardless of the pending request for third-step review. In the conversion to the two-step program, however, his file was overlooked and inadvertently left open. Once it was brought to the attention of MDOC officials upon the state's *habeas corpus* inquiry regarding the pending ARP, MDOC officials notified Carter that his two steps had been completed, and Carter was issued a Certificate of Completion on June 21, 2011. As such, Carter has thirty days from the date he received his certificate in which to seek judicial review of his claims – and thereafter appeal the lower court's ruling to the state's highest court. MISS. CODE ANN. § 47-5-807.

Carter filed a "Motion for Jailtime Credit," which was dismissed by the Clay County Circuit Court without prejudice to require petitioner to first seek administrative remedies through

MDOC with regard to his claim. He later filed a motion for post-conviction relief in that court challenging the revocation of his post-release supervision. Carter's post-conviction motion was denied by Order of the Clay County Circuit Court filed October 15, 2010. *See* ECF Doc. 1, p. 19. According to the records of the Clay County Circuit Court, Carter did not appeal the lower court's denial of post-conviction relief.

## Exhaustion of State Remedies

Decision in this case is governed by 28 U.S.C. § 2254, which provides in part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

>    (A) the applicant has exhausted the remedies available in the courts of the State; or

>    (B)(I) there is an absence of available State corrective process; or

>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Additionally, § 2254(c) provides:

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy the exhaustion requirement, a prisoner seeking *habeas corpus* relief must generally present his claims to the state's highest court in a procedurally proper manner and provide the highest state court with a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999). Only after the Mississippi Supreme Court has

been provided with a fair opportunity to pass upon petitioner's claims will Carter have satisfied the exhaustion requirement. 28 U.S.C. §2254(b)(1) and (c), *supra*. As set forth above, none of the arguments in the instant petition for a writ of *habeas corpus* have been raised to the state's highest court. As such, the petition will be dismissed without prejudice for failure to exhaust state court remedies. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 26th day of July, 2011.

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**